IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

CLAUDE E. HYLER,

       Petitioner,

vs.                                    No. 05-2533-B/An

BRUCE PEARSON,

       Respondent.

_____

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

_____

Petitioner Claude E. Hyler, Bureau of Prisons inmate registration number 15169-045, an inmate at the Federal Correctional Institution in Memphis ("FCI-Memphis"), filed a habeas petition pursuant to 28 U.S.C. § 2241 on July 25, 2005, along with a supporting memorandum. Hyler paid the habeas filing fee. The Clerk shall docket the case and record the respondent as FCI-Memphis Warden Bruce Pearson.

Petitioner Hyler was indicted in the United States District Court for the Western District of Missouri on four counts of drug trafficking and firearms offenses. On September 20, 2002, Hyler pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The plea agreement resolved certain sentencing issues but left open the question of whether Hyler had one or two prior convictions

involving crimes of violence for sentencing purposes. Three days before sentencing, Hyler moved for a continuance on the ground that he needed time to investigate the search warrant procedures of the Kansas City Police Department. The district court denied the motion, and on January 6, 2003, sentenced Hyler to 100 months imprisonment. See United States v. Hyler, 75 Fed. Appx. 560, 561-62 (8th Cir. Sept. 17, 2003).

Hyler appealed contending the court erred in denying the pre-plea motions to suppress and the pre-sentencing motion for a continuance, and in determining that he had two prior convictions for crimes of violence. The Eight Circuit Court of Appeals concluded that Hyler's plea agreement and guilty plea waived those issues and affirmed his conviction. Id.

Hyler filed a motion pursuant to 28 U.S.C. § 2255 on January 14, 2003. On November 25, 2003, the United States District Court for the Western District of Missouri issued an order denying the § 2255 motion and on January 28, 2004, issued an order denying a certificate of appealability. Hyler v. United States, No. 4:03-CV-033 (W.D. Missouri)(docket entries 9 and 13). On November 16, 2004, the Eighth Circuit denied Hyler's request for a certificate of appealability. Id. (docket entry 16). Hyler alleges in this habeas petition that he also filed a supplemental letter with the Eighth Circuit seeking to raise a claim that his conviction violated the principles of Blakely v. Washington, 542 U.S. 296

(2004). The Eighth Circuit treated the letter as a request to file a successive motion to vacate and denied Hyler's request on May 24, 2005. Id. (docket entry 18).

On July 25, 2005, Hyler filed this petition contending that his conviction was obtained in violation of the Fourth Amendment of the United States Constitution. Habeas corpus would be available to Hyler if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77; cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply.").

Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate pursuant to 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United States v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988) (challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35); see also United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993).

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The petitioner carries the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756.

Hyler does not present any argument that the remedy provided by the motion is inadequate or unavailable.

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . , or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . , or because the petitioner has been denied permission to file a second or successive motion to vacate.

Charles, 180 F.3d at 756; see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). Rather, if the claim is of a type that was cognizable under § 2255 when the prisoner filed his first motion, habeas relief is not available. See Charles 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a

4

way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' . . . That does not mean that he took the shot, or even that he or his attorney recognized the shot was there for the taking.  All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.") (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

Wofford held that the "inadequate or ineffective" savings clause applies to permit a prisoner to set aside a conviction when

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244.[1]  It is not necessary in this case to speculate whether the Sixth Circuit, which has followed Wofford in unpublished cases and issued a somewhat similar holding in Hanserd, will eventually officially adopt the entire Eleventh Circuit test for savings-clause review of the validity of a conviction because

---

[1] Moreover, "[o]nce the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted." Id. at n.3.

5

Hyler clearly does not qualify for habeas relief under any interpretation of the statute.

Applying the criteria set forth in Wofford, Hyler may not obtain relief under § 2241 because he has no colorable claim of actual innocence. See, e.g., Charles, 180 F.3d at 756-57. Actual innocent requires "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998); Hilliard v. United States, 157 F.3d 444, 450 (6th Cir. 1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." Murray v. Carrier, 477 U.S. 478, 496 (1986). Accordingly, Hyler is not entitled to relief under § 2241 on his claim.

Neither is Hyler's claim based on a retroactively applicable Supreme Court decision. To the contrary, he raised Fourth Amendment issues on direct appeal and in his motion to vacate pursuant to 28 U.S.C. § 2255. Hyler has already had at least two opportunities to raise his Fourth Amendment claims. See Lee v. Chandler, No. 98-6721, 2000 WL 658019, at *2 (6th Cir. May 8, 2000) (noting that prisoner "has had multiple unobstructed procedural shots at his conviction and sentence"). The fact that he was not successful in either case does not support a contention, necessary to consideration of his sentencing error claim on the merits under § 2241, that the § 2255 remedy is inadequate or ineffective.

6

As Hyler is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997); Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[2] Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of

---

[2] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

7

amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases.  Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions.  See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997).  An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district.  Graham v. United States Parole Comm'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996).  Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions.  Cf. Greene v. Tennessee Dep't of Corrections, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. 24(a), which provides:

8

> A party to an action in a district court who desires to proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u> shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, yet has sufficient merit to support an appeal <u>in</u> <u>forma</u> <u>pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

IT IS SO ORDERED this 20th day of July, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE